UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN - 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street NE, Washington, DC<br>**Plaintiff,**  20549<br><br>v.<br><br>**SUZANNE BROWN,**<br><br>**Defendant.** | CASE NUMBER 1:07CV00038<br>JUDGE: Colleen Kollar-Kotelly<br>DECK TYPE: General Civil<br>DATE STAMP: 01/08/2007<br><br>**COMPLAINT** |

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") alleges for its Complaint against Defendant Suzanne Brown:

## NATURE OF THE ACTION

1. Defendant Suzanne Brown and executives of U.S. Foodservice, Inc. ("USF"), a subsidiary of Royal Ahold (Koninklijke Ahold N.V.) ("Ahold"), engaged in a large-scale fraud that, for fiscal years 2001 and 2002, materially overstated income by approximately $700 million in Commission filings and other public announcements. Brown's illegal acts and failures to act, as described below, occurred in 2002 and early 2003, when Brown was USF's Corporate Controller.

2. A significant portion of the operating income for USF, a foodservice and distribution company, was derived from promotional allowances ("PAs") paid by company vendors. At the instruction of USF executives who supervised her, Brown directed that materially overstated PA entries be recorded in the books and records of USF. These entries did not reflect the company's actual operating performance; instead, they were determined solely by

1

what USF required to make its budgeted earnings. At the time of these entries, Brown knew, or was reckless in not knowing, that the entries improperly inflated operating income reported on USF's financial statements, which were consolidated into Ahold's Commission filings and other public statements.

3. In conjunction with, and at the instruction of, USF executives, Brown made or directed others to make entries in USF's books and records that she knew, or was reckless in not knowing, were false, without basis in fact, and did not comply with Generally Accepted Accounting Principles. These entries included releases of reserves and accruals to make up for earnings shortfalls.

4. Brown, in conjunction with USF executives, also provided Ahold's independent auditors with false and/or misleading information in connection with their reviews and audit of USF's financial statements.

## JURISDICTION AND VENUE

5. The Commission brings this action pursuant to Sections 21(d) and 21(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d) and 78u(3)].

6. This Court has jurisdiction over this action pursuant to Sections 21(e) and 27 of the Exchange Act [15 U.S.C. §§ 78u(e) and 78aa]. Defendant directly or indirectly has made use of the means or instrumentalities of interstate commerce, or of the mails, or the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business alleged herein. Certain transactions, acts, practices and courses of business that are the subject of this action, including filings with the SEC, occurred within this District, and venue is proper pursuant to Section 27 of the Exchange Act.

## DEFENDANT

7. Suzanne Brown, age 40, resides in Maryland. During the times relevant to this action, Brown was Corporate Controller of USF in its Columbia, Maryland headquarters. Brown joined USF in July 1998, and served as an Assistant Controller until her promotion to Controller in late 2001. Brown did not serve as an officer or director of USF or Ahold, nor did she have primary responsibility for the calculation of PAs. Brown is a Certified Public Accountant licensed in the state of Pennsylvania.

## RELATED ENTITIES

8. Ahold is a publicly-held company organized in the Netherlands with securities registered with the Commission pursuant to Section 12(b) of the Exchange Act. Ahold's common stock trades in the United States on the New York Stock Exchange under the symbol AHO as evidenced by American Depositary Receipts.

9. USF, a foodservice and distribution company with headquarters in Columbia, Maryland, is a wholly-owned subsidiary of Ahold.

## STATEMENT OF FACTS

10. During the relevant period, Brown's compensation was based on, among other things, USF's ability to meet or exceed budgeted earnings goals that were set by Ahold management. Specifically, Brown and USF executives were eligible to receive significant bonuses if USF met its budgeted earnings. Despite Brown's illegal acts as described herein, Brown did not receive a bonus for fiscal year 2002, as the fraud at USF was discovered before her bonus was paid.

11. For interim reporting during fiscal year 2002, USF purportedly estimated an overall "promotional allowance recognition rate," or "PA rate," and recorded periodic PA

accruals based on that rate. The PA rate purportedly represented a good-faith estimate of PA income, as a percentage of USF's total net sales, earned under the PA arrangements between USF and all of its vendors.

12.     The PA rate was purportedly calculated by USF's PA accounting group, which did not report to Brown. While Brown may not have had direct responsibility for the tracking of PA income and the calculation of PA rate entries, she did execute, or direct that others execute, entries in USF's books and records relating to PAs based on representations from her supervisors and the PA accounting group that she knew, or was reckless in not knowing, were false.

13.     During 2002, the PA rate supposedly was an estimate based on various objective factors. USF's quarterly financial results were based, in part, on purported estimates of PA income recorded on the basis of the PA rate.

14.     Brown knew, or was reckless in not knowing, that the PA rate used to calculate these entries was not a good-faith estimate of USF's real PA income, but instead the PA rate was calculated to arrive at a false income entry that was recorded in USF's general ledger to meet USF's budgeted earnings expectations (i.e., a "plug").

15.     After September 11, 2001, USF experienced significantly underperforming sales. To make it appear that USF was still meeting earnings targets in the first quarter of fiscal year 2002, Brown, at the direction of USF executives, instructed USF accounting personnel to book fictitious PA income and other improper accounting adjustments (including, for example, improper releases of reserves and accruals). These improper entries made it falsely appear that USF had met its earnings target for the quarter.

16.     Brown knew, or was reckless in not knowing, that these improper accounting entries inflated USF's earnings for the first quarter of fiscal year 2002, and rendered materially

4

false and misleading Ahold's public disclosures and SEC filings containing its first quarter results.

17. For the second quarter of fiscal year 2002, Brown, at the direction of USF executives, instructed USF accounting personnel to book fictitious PA income and other improper accounting adjustments (including, for example, improper releases of reserves and accruals). These improper entries made it falsely appear that USF had met its earnings target for the quarter.

18. Brown knew, or was reckless in not knowing, that these improper accounting entries inflated USF's earnings for the second quarter of fiscal year 2002, and rendered materially false and misleading Ahold's public disclosures and SEC filings containing its second quarter results.

19. For the third quarter of fiscal year 2002, Brown, at the direction of USF executives, instructed USF accounting personnel to book fictitious PA income and other improper accounting adjustments (including, for example, improper releases of reserves and accruals). These improper entries made it falsely appear that USF had met its earnings target for the quarter.

20. Brown knew, or was reckless in not knowing, that these improper accounting entries inflated USF's earnings for the third quarter of fiscal year 2002, and rendered materially false and misleading Ahold's public disclosures and SEC filings containing its third quarter results.

21. For the fourth quarter of fiscal year 2002 and during the year-end closing process, Brown, at the direction of USF executives, instructed USF accounting personnel to book

fictitious PA income and other improper accounting adjustments. These improper entries made it falsely appear that USF had met its earnings target for the year.

22. By fraudulently increasing the PA income recorded at USF throughout 2002 and making other improper accounting entries, USF management, including Brown, made it falsely appear that USF had met its annual operating earnings targets, thereby putting themselves in a position to receive significant bonuses for fiscal year 2002. In spite of these efforts, the fraud at USF was discovered before Brown's bonus was paid.

23. By the end of fiscal year 2002, USF had booked approximately $1.2 billion in corporate PA income, much of which was fictitious. In addition, the corporate PA receivable balance was overstated by approximately $700 million. While Brown was not the architect of, or principal actor in, the USF fraud, Brown played a significant role in it, as almost all of the fraudulent entries were made by her or her subordinates.

## FIRST CLAIM FOR RELIEF

### Fraud

Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] Thereunder

24. Paragraphs 1 through 23 are re-alleged and incorporated by reference.

25. By reason of the foregoing, Defendant Brown directly or indirectly, acting intentionally, knowingly or recklessly, by use of the means or instrumentalities of interstate commerce or of the mails, in connection with the purchase of securities: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state a material fact necessary to make the statements made, in the light of the circumstances under

which they were made, not misleading; or (c) engaged in acts, practices or courses of business which operated as a fraud or deceit upon other persons.

26. By reason of the foregoing, Defendant Brown violated and, in addition or in the alternative, aided and abetted Ahold and USF's violations of Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5.

## SECOND CLAIM FOR RELIEF

### Reporting

Aiding and Abetting Violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-1 [17 C.F.R. § 240.12b-20 and § 240.13a-1] Thereunder

27. Paragraphs 1 through 26 are re-alleged and incorporated by reference.

28. The Exchange Act and rules promulgated thereunder require every issuer of a registered security to file reports with the Commission that accurately reflect the issuer's financial performance and provide other true and accurate information to the public.

29. By reason of the foregoing, Defendant Brown aided and abetted Ahold's violations of Section 13(a) of the Exchange Act and Rules 12b-20 and 13a-1 thereunder.

## THIRD CLAIM FOR RELIEF

### Record Keeping

Violations of Sections 13(b)(2)(A), (b)(2)(B) and (b)(5) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B), and (b)(5)] and Rule 13b2-1 [17 C.F.R. § 240.13b2-1] Thereunder

30. Paragraphs 1 through 29 are re-alleged and incorporated by reference.

31. The Exchange Act and rules promulgated thereunder require each issuer of registered securities to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the business of the issuer and to devise and maintain a system of

internal controls sufficient to provide reasonable assurances that, among other things, transactions are recorded as necessary to permit preparation of financial statements and to maintain the accountability of accounts. The Exchange Act and rules promulgated thereunder further prohibit any person from directly, or indirectly, falsifying any such required book, record or account and prohibit any person from knowingly circumventing or failing to implement such a system of internal accounting controls.

32. By reason of the foregoing, Defendant Brown aided and abetted Ahold's violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act.

33. By reason of the foregoing, Defendant Brown violated Section 13(b)(5) of the Exchange Act and Exchange Act Rule 13b2-1.

## FOURTH CLAIM FOR RELIEF

### Misrepresentations to Auditors

Violations of Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2]

34. Paragraphs 1 through 33 are re-alleged and incorporated by reference.

35. The Exchange Act further prohibits the making, or causing to be made, materially false or misleading statements or omissions to an accountant in connection with any required audit, review or examination of the financial statements of any issuer or the preparation or filing of any document or report required to be filed with the Commission.

36. By reason of the foregoing, Defendant Brown aided and abetted violations by Ahold's directors and officers of Exchange Act Rule 13b2-2.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court enter a judgment:

a) permanently enjoining Defendant from violating Exchange Act Sections 10(b) and 13(b)(5) and Exchange Act Rules 10b-5 and 13b2-1;

b) permanently enjoining Defendant from aiding and abetting any violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act and Exchange Act Rules 12b-20, 13a-1 and 13b2-2;

c) ordering Defendant to pay a civil monetary penalty pursuant to Section 21(d)(3) of the Exchange Act in respect of her violations;

d) prohibiting Defendant from acting as an officer or director of a public company pursuant to Section 21(d)(2) of the Exchange Act; and

e) granting such other relief as this Court may deem just and appropriate.

Dated: January 8, 2007

Respectfully submitted,

William H. Kuehnle (DC Bar No. 7401)
Scott W. Friestad
James T. Coffman
Roger Paszamant
Matthew B. Greiner (DC Bar No. 448480)

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC  20549
Telephone:  (202) 551-4415 (Kuehnle)
Facsimile:  (202) 772-9246 (Kuehnle)

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

U.S. Securities & Exchange Commission

//oo/

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William H. Kuehnle  202-551-4415
Scott W. Friestad
James T. Coffman
Roger Paszamant
Matthew B. Greiner
100 F Street NW
Washington, DC 20549-4010

## DEFENDANTS

Suzanne Brown

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND I'

CASE NUMBER   1:07CV00038

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: General Civil

DATE STAMP: 01/08/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- (●) 1 U.S. Government Plaintiff
- ( ) 2 U.S. Government Defendant
- ( ) 3 Federal Question (U.S. Government Not a Party)
- ( ) 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF AND ...

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ( ) A. Antitrust
- [ ] 410 Antitrust

### ( ) B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ( ) C. Administrative Agency Review
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ( ) D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### (●) E. General Civil (Other)   OR   ( ) F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [X] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br> *(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br> *(If pro se, select this deck)* | ○ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ○ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ○ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Violation of Sections 10(b), 13(a) and 13(b) of the Exchange Act [15 USC Section 78] and Rules 10b-5, 12b-20 and 13 [17 CFR Section 240]

VII. REQUESTED IN COMPLAINT    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☐

VIII. RELATED CASE(S) IF ANY    (See instruction)    YES ⊠    NO ☐    If yes, please complete related case form.

DATE 1/8/07    SIGNATURE OF ATTORNEY OF RECORD [signature]

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.